## PEOPLE v. ATKINS.

(Supreme Court, Appellate Division, Fourth Department. January 8, 1913.)

Appeal from Oneida County Court.

Astley Atkins was convicted of crime, and he appeals. Affirmed.

Argued before McLENNAN, P. J., and KRUSE, ROBSON, FOOTE, and LAMBERT, JJ.

Everett E. Risley, of Utica, for appellant.

Bradley Fuller, of Utica, for respondent.

PER CURIAM. Judgment of conviction and order affirmed. All concur, except KRUSE, J., who dissents in a memorandum.

KRUSE, J. I dissent, upon the ground that the evidence is insufficient to show that Atkins, the defendant, had any knowledge of the arrangement under which it is claimed Regnauld obtained the stock from Cushman, or to show that Atkins criminally conspired with Regnauld to misappropriate the stock, or sufficient to connect him with the misappropriation thereof, so as to make him criminally liable. The letters of Atkins, while they show that he was anxious to sell the stock of the Pioneer Company, which he was promoting, do not show the existence of a conspiracy to obtain the stock of Cushman and misappropriate the same. Although Atkins may have known that all the stock which he received from Regnauld in exchange for the Pioneer stock came from Cushman, that does not establish that he had any knowledge that the stock belonged to Cushman, and was simply held by Regnauld as agent to sell the same for Cushman, at not less than a specified price, as Cushman claims.

The conviction rests largely upon the acts and declarations of Regnauld. These were not competent against Atkins, in the absence of a conspiracy to which Atkins was a party, and not then unless they were made in furtherance of the conspiracy. Even if there was such a conspiracy, Regnauld's letter of October 9th was improperly received, since that was after the alleged criminal conspiracy to misappropriate the stock had been consummated, if any such conspiracy ever existed.

I think the evidence is insufficient to sustain the judgment of conviction.